# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

**MYRON CRISDON,**
219 Elm St.
Camden, NJ 08102
Phone: 856-605-3279
Email: myron.crisdon@yahoo.com

Plaintiff,

v.

**CITY OF CAMDEN;**
**CAMDEN CODE ENFORCEMENT DEPARTMENT;**
**JOHN DOE CODE ENFORCEMENT OFFICERS 1–5,**
**in their individual and official capacities;**
**JANE DOE SUPERVISORS AND POLICYMAKERS 1–3,**
**in their individual and official capacities,**

Defendants.

RECEIVED

JAN 13 2026

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

---

CIVIL ACTION NO. _____

VERIFIED FEDERAL CIVIL RIGHTS COMPLAINT

(42 U.S.C. § 1983 – JURY TRIAL DEMANDED)

---

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including **42 U.S.C. § 1983**, and the **First, Fourth, and Fourteenth Amendments**.
2. This Court has jurisdiction under **28 U.S.C. §§ 1331 and 1343**.
3. Venue is proper under **28 U.S.C. § 1391(b)** because all events occurred in Camden, New Jersey.

## II. PARTIES

4. Plaintiff **Myron Crisdon** is a natural person, **sui juris**, competent to manage his own affairs, and the lawful occupant of the residential property located at **219 Elm St., Camden, NJ 08102**.
5. Defendant **City of Camden** is a municipal corporation responsible for the acts, policies, customs, and practices of its employees.
6. Defendant **Camden Code Enforcement Department** is a municipal department acting under color of state law.
7. Defendants **John Doe Code Enforcement Officers 1–5** are employees who participated directly in the unlawful conduct.
8. Defendants **Jane Doe Supervisors and Policymakers 1–3** are responsible for training, supervision, and enforcement policies.

## III. FACTUAL ALLEGATIONS

### A. Frivolous Complaint by Unauthorized Third Party

9. On or about 10/15/2025, Defendants acted on a **frivolous complaint** made by a third party who had **no ownership, tenancy, occupancy, or lawful authority** over Plaintiff's home.
10. Defendants **failed to verify** the complainant's identity, authority, or standing.

### B. Unlawful Warrantless Inspection

11. Defendants conducted a **warrantless inspection** of Plaintiff's occupied residence.
12. Plaintiff did **not consent**, and no warrant or court order existed.
13. This constituted an **unreasonable search** in violation of the **Fourth Amendment**.

### C. Defective "Unsafe Structure" Notices

14. Defendants issued "unsafe structure" notices **without lawful authority**, proper notice, or a hearing.
15. Plaintiff was denied **procedural due process**.

## D. Orange Sticker Harassment

16. Defendants posted an **orange sticker** threatening a **$500 fine**.
17. The sticker contained:

- No date
- No officer name
- No statute
- A **non-working phone number**

18. The sticker constitutes **harassment, intimidation, and defective notice**.

## E. Retaliation

19. Enforcement activity escalated **after Plaintiff objected** and asserted constitutional rights.
20. This conduct was **retaliatory**.

## F. Unlawful Evidence and Tainted Enforcement

21. All evidence gathered stems from the **illegal inspection**.
22. Under the **exclusionary rule** and **fruit of the poisonous tree doctrine**, such evidence is inadmissible.
23. All subsequent enforcement actions are **void ab initio**.

## G. Municipal Liability – Failure to Train, Supervise, and Use Proper Procedures (Monell)

24. Defendants acted pursuant to **official policies, customs, or long-standing informal practices** of the City of Camden.
25. The Code Enforcement Department operates using **outdated, informal, and improper procedures**, treating enforcement actions as discretionary or personal judgments rather than legally regulated governmental functions.
26. Defendants have **failed to adequately train and educate code enforcement officers and supervisors** on:

- Constitutional limits on inspections
- Due process requirements
- Proper notice procedures
- Verification of complainant authority

27. Supervisors have allowed officers to **operate as if enforcing personal household rules**, rather than complying with modern statutory, constitutional, and procedural requirements applicable to municipal enforcement agencies.
28. This failure to train, supervise, and update enforcement practices directly caused the violations alleged herein.
29. As a result of Defendants' refusal to correct these practices, Plaintiff has been **forced to file this federal lawsuit against his own city**, despite attempting to avoid litigation.

## IV. CLAIMS FOR RELIEF

- **Count I:** Fourth Amendment – Unlawful Search
- **Count II:** Fourteenth Amendment – Due Process
- **Count III:** Retaliation
- **Count IV:** Abuse of Process
- **Count V:** Suppression of Illegally Obtained Evidence

## V. RELIEF REQUESTED

Plaintiff requests:

- Declaratory relief
- Suppression of all unlawful evidence
- TRO and Injunction
- **$250,000 compensatory damages**
- Punitive damages
- Costs and all further relief

## VI. JURY DEMAND

Plaintiff demands a **trial by jury**.

**Respectfully submitted,**

**Myron Crisdon, sui juris**
219 Elm St.
Camden, NJ 08102
856-605-3279

myron.crisdon@yahoo.com
**Plaintiff, Pro Se**