**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| MYRON N. CRISDON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CAMDEN, *et al.*,<br><br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 26-482 (KMW-MJS)<br><br>**MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court by way of Plaintiff Myron N. Crisdon's ("Plaintiff") Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (Dkt. No. 1-2) pursuant to 28 U.S.C. § 1915(a)(1) and Plaintiff's Motion for a Temporary Restraining Order ("TRO") (Dkt. No. 3-12); and

**THE COURT NOTING** that, having reviewed Plaintiff's IFP Application, Plaintiff declares that he does not have a monthly income or expenses. (IFP Application ¶ 1, 8.) Plaintiff does not have other liquid assets, nor does he list a spouse to contribute income or share in expenses (*id.* ¶¶ 1-8); and

**THE COURT FINDING** that because Plaintiff declares that he has no income, the Court grants the IFP application. The Court is now required to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B),[1] and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or otherwise seeks relief from an immune defendant. For the reasons set forth below,

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

Plaintiff's Complaint is **DISMISSED with prejudice** and Plaintiff's Motion for a TRO is **DENIED**.

## I. BACKGROUND

In his Amended Complaint, Plaintiff asserts claims under 42 U.S.C. § 1983 against Defendants City of Camden, the Camden Municipal Court, the Camden Code Enforcement Department (collectively, "Defendants") and various unidentified municipal officials. (See Am. Compl., Dkt. No. 3 at 1.) Plaintiff alleges that the events giving rise to this action occurred in connection with municipal code enforcement proceedings involving his residence in Camden, New Jersey. (*Id.* at 2-3.)

According to the Amended Complaint, Plaintiff has occupied the subject property for more than one year and maintains utilities in his name. (*Id.* ¶ 9.) Plaintiff alleges that Camden Code Enforcement conducted, or relied upon, an inspection of his residence without his consent, an administrative warrant, or exigent circumstances, and thereafter initiated municipal enforcement proceedings against him. (*Id.* ¶ 10.) Plaintiff further alleges that he challenged the legality of the inspection, the Municipal Court's jurisdiction, and alleged due process violations by filing a motion to dismiss in the municipal proceedings. (*Id.* ¶ 13.) Plaintiff contends that the Municipal Court did not rule on that motion before proceeding with the matter and that court personnel advised him the motion would not be considered until an in-person hearing. (*Id.* ¶¶ 14-15.)

Plaintiff further alleges that, during the pendency of the municipal proceedings, a bench warrant was issued against him, notwithstanding that he had challenged the proceedings and that the Municipal Court subsequently scheduled a future court date. (*Id.* ¶¶ 16-18.) Plaintiff asserts that maintaining the bench warrant subjected him to an ongoing threat of arrest and incarceration and that municipal officials also threatened to board up his residence. (*Id.* ¶¶ 20-22.) Based on

these allegations, Plaintiff claims violations of the Fourth and Fourteenth Amendments, asserts municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and seeks compensatory and punitive damages, together with declaratory and injunctive relief prohibiting Defendants from enforcing the bench warrant, entering or boarding his residence, or continuing the challenged enforcement actions. (*Id.* ¶¶ 26-42.)

## II. LEGAL STANDARD

### a. Screening Under 28 U.S.C. § 1915(e)(2)(B).

Under 28 U.S.C. § 1915(a), a district court may authorize a litigant to proceed without prepayment of fees upon a showing of financial inability to pay. However, granting *in forma pauperis* status does not relieve the Court of its obligation to screen the complaint. Rather, the Court must dismiss an action filed in forma pauperis at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The legal standard governing dismissal under § 1915(e)(2)(B)(ii) is the same as the standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Accordingly, to survive screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although the Court accepts well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor, it need not accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678–79.

Because Plaintiff proceeds *pro se*, the Court construes his pleadings liberally and holds them "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*,

551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even so, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). A court "need not credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation,* 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

Finally, before dismissing a complaint under § 1915(e)(2)(B), a district court generally should permit amendment unless amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110–11 (3d Cir. 2002).

**b. TROs and Preliminary Injunctions**

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A party seeking preliminary injunctive relief bears the burden of establishing: "(1) a likelihood of success on the merits"; (2) that it will "suffer irreparable harm" if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that "the public interest." *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017).

The first two factors are "gateway factors." *Reilly*, 858 F.3d at 179. If the movant fails to establish either a likelihood of success on the merits or irreparable harm, preliminary injunctive relief must be denied. *Id.*; *see also Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484 (3d Cir. 2000). Only if the movant satisfies both gateway requirements does the Court consider the remaining factors and determine whether, on balance, the extraordinary remedy of injunctive relief is warranted. *Reilly*, 858 F.3d at 179. Because a TRO is governed by the same substantive standard as a preliminary injunction, courts evaluate requests for either form of relief under this four-factor

framework. *See NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999); Fed. R. Civ. P. 65.

## III. DISCUSSION

### a. The Court Lacks Authority to Interfere with Plaintiff's Ongoing State Judicial Proceedings.

Even liberally construing the Amended Complaint, the gravamen of Plaintiff's action is his request that this Court intervene in ongoing state judicial proceedings arising from municipal code enforcement and related municipal court proceedings. Plaintiff alleges that Camden Code Enforcement conducted an unlawful inspection of his residence, that municipal enforcement proceedings were thereafter initiated against him, that the municipal court failed to rule on various motions before issuing a bench warrant, and that state officials have threatened additional enforcement actions, including boarding his home. Plaintiff seeks declaratory and injunctive relief designed to halt or invalidate those state proceedings and to remedy alleged constitutional violations occurring therein.

Federal district courts, however, are courts of original jurisdiction; they do not exercise general supervisory authority over state courts or state judicial proceedings. *See Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286–87 (1970) (recognizing the longstanding principle that federal courts generally lack authority to interfere with pending state judicial proceedings); *Younger v. Harris*, 401 U.S. 37, 43–45 (1971) (explaining that principles of equity, comity, and federalism ordinarily prohibit federal court interference with ongoing state criminal proceedings).

To the extent Plaintiff asks this Court to invalidate state court rulings, prevent enforcement of state court orders, interfere with pending municipal proceedings, or otherwise supervise the conduct of state judicial officers, the Court lacks authority to grant such relief. Plaintiff's

allegations that state officials violated his constitutional rights during those proceedings do not alter this conclusion. Alleged constitutional errors committed during state judicial proceedings are ordinarily addressed within the state judicial system itself, subject to appellate review through the state courts and, where appropriate, review by the United States Supreme Court—not through collateral intervention by a federal district court. *See Younger*, 401 U.S. at 43–45; *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431–32 (1982).

Accordingly, because the Amended Complaint principally seeks federal intervention into ongoing state judicial proceedings and review of actions taken by state judicial officers, the Court lacks authority to provide the relief Plaintiff requests.

**b. The Superior Court Is Not a Proper Defendant Under § 1983.**

To the extent Plaintiff asserts claims under 42 U.S.C. § 1983 against the Camden County Superior Court, those claims fail as a matter of law.

Section 1983 provides a cause of action against a "person" who, acting under color of state law, deprives another of rights secured by the Constitution or federal law. 42 U.S.C. § 1983. It is well settled, however, that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983" when sued for damages. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, absent waiver or valid congressional abrogation, the Eleventh Amendment bars suits in federal court against a state and its agencies. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–02 (1984).

The New Jersey Superior Court, "its employees, and the judges are entitled to immunity under the Eleventh Amendment because they are part of the judicial branch of the state of New Jersey, and therefore considered 'arms' of the state." *Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010) (quoting *Johnson v. State of N.J.*, 869 F. Supp. 289, 296–97 (D.N.J. 1994)).

Accordingly, the New Jersey Superior Court is neither a "person" amenable to suit under § 1983 nor a defendant that may be sued in federal court absent an applicable exception, none of which Plaintiff identifies.

Because Plaintiff's claims against the Superior Court are barred as a matter of law, they will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**c. Plaintiff's Claims Against the Judicial Defendants Are Barred by Absolute Judicial Immunity.**

Plaintiff likewise fails to state a claim against the judicial defendants because the conduct alleged falls squarely within the scope of absolute judicial immunity.

"[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him [or her], shall be free to act upon his [or her] own convictions, without apprehension of personal consequences." *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1872)). Accordingly, judges are "absolutely immune" from suits arising out of acts performed in their judicial capacity, even where those acts are alleged to have been erroneous, malicious, or in excess of authority. *Stump v. Sparkman*, 435 U.S. 349, 354(1978). Judicial immunity is overcome only where a judge acts in the clear absence of all jurisdiction or performs nonjudicial acts. *Mireles*, 502 U.S. at 11–12.

Here, Plaintiff challenges quintessential judicial acts. He alleges that state judges improperly handled motions, issued rulings, authorized enforcement proceedings, failed to provide requested relief, and otherwise managed the course of his municipal and Superior Court proceedings. These allegations concern actions taken by judicial officers in the course of adjudicating matters pending before their respective courts. Plaintiff does not plausibly allege that

any judicial defendant acted outside the scope of the court's jurisdiction or engaged in nonjudicial conduct.

Although Plaintiff repeatedly characterizes the judges' actions as unconstitutional, such allegations do not defeat judicial immunity. *See Azubuko v. Royal*, 443 F.3d 302, 303–04 (3d Cir. 2006) (holding that judicial immunity applies even where the plaintiff alleges constitutional violations); *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768–69 (3d Cir. 2000) ("A judge does not act in the clear absence of all jurisdiction when the judge enters an order at least colorably within the jurisdiction of her court.").

Accordingly, because Plaintiff seeks to impose liability based solely on actions taken by judicial officers in the exercise of their judicial functions, his claims against the judicial defendants are barred by absolute judicial immunity and must be dismissed under § 1915(e)(2)(B).

**d. The Amended Complaint Otherwise Fails to State a Plausible Federal Claim.**

Even setting aside the jurisdictional and immunity defects discussed above, the Amended Complaint fails to state a plausible federal claim. To survive screening under 28 U.S.C. § 1915(e)(2)(B), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Although a court must accept well-pleaded factual allegations as true, it need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* Nor does Rule 8 permit a plaintiff to proceed on "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

Here, the Amended Complaint principally alleges that state and municipal officials violated Plaintiff's constitutional rights during the investigation, enforcement, and adjudication of municipal code violations involving his property. Plaintiff repeatedly characterizes Defendants'

conduct as "unconstitutional," "fraudulent," or undertaken in violation of due process, but those assertions are largely legal conclusions unsupported by well-pleaded factual allegations. The Amended Complaint does not plausibly allege facts demonstrating that any named defendant deprived Plaintiff of a federally protected right beyond his disagreement with the manner in which the underlying state proceedings have been conducted.

Nor does Plaintiff's reliance on various constitutional provisions and federal statutes cure these pleading deficiencies. "[A] complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). Instead, the complaint must plead facts permitting the Court to draw the reasonable inference that each defendant is liable for the misconduct alleged. *Id.*; *see Iqbal*, 556 U.S. at 678. Here, Plaintiff has not done so.

Accordingly, even construing the Amended Complaint liberally in light of Plaintiff's *pro se* status, the Court concludes that it fails to state a plausible federal claim upon which relief may be granted. *See Erickson*, 551 U.S. at 94; *Mala*, 704 F.3d at 245. Moreover, because the Court will dismiss all claims over which it has original jurisdiction, it declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3); *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000). Furthermore, because the defects identified herein are legal rather than factual, and because Plaintiff has already amended once, the Court finds that further amendment would be futile.

**CONSEQUENTLY**, for all the foregoing reasons, and for good cause shown;

**ORDER**

IT IS on this 3rd day of **August, 2026**, hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 1-2) is **GRANTED**; and further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 3) is **DISMISSED WITH PREJUDICE**; and further

**ORDERED** that Plaintiff's Motion for TRO (Dkt. No. 3-12) is **DENIED**; and further

**ORDERED** that the Clerk of the Court shall mark this matter **CLOSED** and serve a copy of this Order upon Plaintiff by regular U.S. mail.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE